IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MYKOLA YUZHAKOV :

v. : Civil Action No. DKC 25-2299

CHARLES RIVER LABORATORIES, INC., et al. :

**MEMORANDUM OPINION AND ORDER**

In this employment discrimination case, Plaintiff Mykola Yuzhakov contends that he was sexually harassed by his purported supervisor at the National Institute for Allergy and Infectious Diseases ("NIAID"), housed within the National Institutes for Health ("NIH") and more broadly within the U.S. Department of Health and Human Services ("HHS"), while he worked there as a contractor employed by Charles River Laboratories ("CRL"). He further submits that he rejected that supervisor's advances, his supervisor then filed an allegedly false complaint about him with NIAID, NIAID removed him from the contract and requested that CRL terminate him, and CRL did terminate him. His initial, 31-page complaint asserted six counts: sex discrimination under Title VII (Count I), sexual harassment under Title VII (Count II), national origin discrimination under Title VII and the Immigration and Nationality Act (Count III), retaliation under Title VII (Count IV), sex discrimination and sexual harassment under the Maryland

Fair Employment Practices Act ("MFEPA") (Count V), and retaliation under the MFEPA (Count VI). (ECF No. 1). All six counts were asserted against Defendant CRL, and the first four were also asserted against Defendant Robert F. Kennedy, Jr., in his official capacity as Secretary of HHS, along with several other government defendants. CRL filed an answer, (ECF No. 10), and Mr. Kennedy moved to dismiss the four counts asserted against him and the other government defendants, (ECF No. 36).

On July 20, 2026, the court granted Mr. Kennedy's motion in part and denied it in part. (ECF Nos. 52; 53). Counts I, III, and IV were dismissed as asserted against the government defendants, and Plaintiff was given 21 days to file an amended complaint curing the identified deficiencies in Counts I and IV. (ECF Nos. 52, at 61–64; 53 ¶¶ 4, 6). The 21st day was August 10, 2026. Because Plaintiff did not file an amended complaint by August 10, the court entered a scheduling order on August 11 at 12:07 PM. (ECF No. 54). The same day, at 5:48 PM, Plaintiff filed a motion for leave to file an amended complaint and to file one in excess of the 40-page limit specified in Local Rule 103.1(d). (ECF No. 55). He attached his proposed amended complaint, which totals 97 pages (66 pages longer than his original complaint), along with an accompanying redline. The proposed amended complaint names

only CRL and Mr. Kennedy as defendants. Plaintiff represents that Mr. Kennedy has consented to the filing of the amended complaint and its length, but that CRL has not yet responded regarding its consent. (*Id.* at 1).

Plaintiff's motion for leave to amend will be granted in part and denied in part. Plaintiff moves for leave to amend because he failed to file an amended complaint within the 21 days the court provided. (*Id.* ¶¶ 1–2). Because Plaintiff's amended complaint is untimely by just one day, his delay will be excused. Fed.R.Civ.P. 6(b)(1)(B); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Considering that the court already granted Plaintiff leave to amend, and his failure to file an amended complaint within the leave period is excused, Plaintiff has leave to file an amended complaint. But not the 97-page complaint attached to his motion. What Plaintiff may file will be addressed in the context of his motion to exceed the page limit.

Even if both defendants consent to the filing of an amended complaint that exceeds the page limit, the court's own leave is still required. *See* Local Rule 103.1(d). A pleading may exceed the 40-page limit only if there are "extraordinary circumstances," and it remains subject to the requirement that it be "no longer than necessary." *Id.* Given the relatively narrow deficiencies

the court previously identified, there is no reason to permit the complaint to triple in length to nearly 100 pages. Plaintiff's proposed amended complaint reads more like a lengthy motion for summary judgment, with extensive legal argumentation. *See Keller v. Monroe Cap. Corp.*, No. 25-cv-2474-SAG, 2026 WL 1719317, at *5 (D.Md. June 15, 2026) (dismissing complaint because it exceeded the page limit by 29 pages, "caused at least in part by unnecessary inclusions, such as citations to judicial opinions . . . unrelated to providing a 'short and plain statement of the claim'"). And many of the paragraphs span multiple pages, raising significant doubt about their compliance with Fed.R.Civ.P. 10(b), which requires each paragraph to be "limited as far as practicable to a single set of circumstances."

Plaintiff acknowledges that the court might not permit him to file such a long amended complaint and thus requests various forms of alternative relief. His first request is that the court only "direct that the citations to authority and accompanying legal argument presently appearing within the counts be removed and confined to briefing." (ECF No. 55 ¶ 35). Because such citations and legal argumentation have no place in the complaint, Plaintiff will be directed to remove citations to authority and accompanying legal argument.

That direction alone, however, is not enough to resolve the issue. Plaintiff acknowledges that if more tailoring is needed, he prefers (in descending order of preference) that the court identify by paragraph number the allegations to be stricken, direct him to include only those allegations relevant to the viable claims, and/or impose a firm page limit. (*Id.*). Elsewhere, he helpfully organizes his proposed amendments into seven categories. (*Id.* ¶ 14). Categories (a), (b), (c), (d), and (f) are directly responsive to deficiencies identified in the complaint and collectively total roughly 12 pages. (*See id.*). Category (e) contains around four pages of additional factual allegations relating to joint employment, which are unnecessary because the court already determined that Plaintiff had alleged enough to survive a motion to dismiss on the joint employment issue. Finally, category (g) accounts for the other dozens of pages of new factual allegations, divided into two main subcategories. 34 pages address "factual particularity that Defendants themselves said was missing." (*Id.*). Such additional factual enhancement is unnecessary in light of the court's previous opinion and cannot be squared with the requirement that Plaintiff offer "a short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). Eight pages consist of the more fulsomely repleaded Counts II, V, and VI, which

were not previously dismissed. (ECF No. 55 ¶ 14). Because Plaintiff reframes these counts to comply with the guidance he drew from the court's treatment of similar counts that were dismissed, (*id.*), these additional allegations will be permitted.

The additional allegations that will be permitted total roughly 20 pages, but many of the paragraphs therein contain substantial legal argumentation that will be removed. The court expects the amended complaint filed not to exceed 50 pages.

For the foregoing reasons, it is this 12th day of August, 2026, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff Mykola Yuzhakov's motion for leave to amend and to exceed the page limit in Local Rule 103.1(d) (ECF No. 55) BE, and the same hereby IS, GRANTED IN PART and DENIED IN PART;

2. Plaintiff Mykola Yuzhakov is DIRECTED to file an amended complaint within seven (7) days:

a. Containing the additional allegations identified in ECF No. 55 ¶ 14(a), (b), (c), (d), (f), and those identified in ¶ 14(g) relating to the repleaded Counts II, V, and VI;

b. Omitting the other allegations identified in ECF No. 55 ¶ 14(e) and (g); and

c. Omitting citations to authority and accompanying legal argumentation;

3. Once Plaintiff Mykola Yuzhakov files the amended complaint, the court will issue a new scheduling order and provide Defendants Charles River Laboratories and Robert F. Kennedy, Jr. fourteen (14) days to respond to the amended complaint from the date it is filed; and

4. The Clerk shall transmit a copy of this Order to the parties.

/s/

DEBORAH K. CHASANOW
United States District Judge